## In re AUSTIN PLACE IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

DEDICATION—REFERENCE TO MAP.

Pursuant to statutory authority a map was made by the commissioner of street improvements showing the location of proposed streets through certain land. Subsequently the owner of the land employed a surveyor to prepare a map of the tract showing the streets as laid out with reference to it, and also subdividing the land lying between the streets into lots; a certain street as laid out on the official map being shown and a number of lots appearing to front on it. Thereafter, in negotiations for an exchange of the land for other property, the map made by the surveyor was shown and used, but it was finally agreed that so much of the tract as was proposed to be taken by the street in question should not be included in the conveyance, the owner stating that he desired to retain it with a view to selling it to the city for a street. In the deed conveying the property all reference to the street or the official map on which it appeared or to the map made by the surveyor was avoided, the parcels of property abutting on the strip covered by the street being described partly by reference to existing streets and partly by courses and distances. · *Held*, that the deed conveyed no street easements of light, air, or access over the strip retained by the grantor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dedication, § 34.]

Appeal from Special Term.

· In the matter of the application of the city of New York to acquire title to lands for the opening and extending of Austin Place. From an order confirming the report of commissioners of estimate and assessment, Henry L. Horton appeals. Reversed and matter remitted to the commissioners, with directions.

See 119 App. Div. 871, 104 N. Y. Supp. 1124.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Joseph A. Flannery, for appellant.
John P. Dunn, for respondent city of New York.
Almet Reed Latson, for respondent Land Company No. 1.

SCOTT, J. This is an appeal by Henry L. Horton, owner in fee of a strip of land known as damage parcel No. 1, from the order confirming the report of the commissioners who awarded said appellant merely nominal damages. The land for which appellant claims to be entitled to a substantial award constitutes a portion of the bed of Austin Place sought to be acquired in this proceeding. Prior to

1894 the appellant, or Sarah S. Horton, his devisor, owned a vacant tract of land consisting of some nine acres, in what is now known as the borough of the Bronx. In 1894 the commissioner of street improvements of the Twenty-Third and Twenty-Fourth Wards, pursuant to statutory authority, duly made and filed certain maps showing the location of proposed streets to be opened in said wards, one of which designated as Austin Place, and now sought to be acquired, was laid out as running through the property of appellant. Subsequently the appellant employed one Mapes, a surveyor, to prepare a map of the tract showing the streets as laid out and projected with reference to it, and also subdividing into lots the land lying between said streets. Upon this map Austin Place was shown as laid out on the official map, and a great number of lots were shown as fronting upon it. Several copies of this map were made for the avowed purpose of being shown to prospective purchasers. Appellant, through an agent, negotiated an exchange of the whole tract for other property owned by one Smith. In the course of these negotiations, and as the basis thereof, the Mapes map was shown and used. At first, it was proposed that Horton should convey the whole tract, but it was finally agreed that so much of the tract as was proposed to be taken for Austin Place should not be included in the conveyance, the appellant, by his agent, stating that he desired to retain that with a view to subsequently selling it to the city of New York for a street. In the deed by which the appellant conveyed the property all reference to Austin Place, or to the official map on which it appeared, or to the Mapes map was avoided, the parcels of property abutting upon the tract now sought to be acquired for Austin Place being described partly by reference to existing streets and partly by courses and distances, the only reference to any map being to one filed in 1851, upon which Austin Place did not appear. The Mapes map was never filed.

The only question involved is whether or not by this deed Horton conveyed to his grantee street easements of light, air, and access over the plot of land retained by him, and now sought to be acquired for street purposes. If he did, the order appealed from is right. In re Adams, 141 N. Y. 297, 36 N. E. 318. If he did not, and appellant owns the land free from any private easements in favor of his grantee, or his successors in title, he is entitled to substantial damages, and the order appealed from must be reversed. The question as to when and under what circumstances the grantor of land abutting upon a proposed, but unopened street, will be deemed to have included in his conveyance private easements of light, air, and access over the proposed street, has been much discussed, and it would serve no good purpose to review the many cases upon the subject. In each case the question turns upon the intention of the parties as derived from their acts, the condition of the property, and the circumstances attending the sale. It was said in Lord v. Atkins, 138 N. Y. 184, 33 N. E. 1035, that:

"It is well settled that when the owner of land lays it out into distinct lots, with intersecting streets or avenues, and sells the lot with reference to such streets, his grantees or their successors cannot afterwards be deprived of the benefit of having such streets kept open. When, in such a case a lot is sold

bounded by a street, the purchaser and his grantees have an easement in the street for the purpose of access, which is a property right."

In that case the grantors had not only had the property plotted upon a map showing the street, but had made express reference to it in their deeds, and, as the court remarked:

"The important thing in the deed is that it recognized the existence of East avenue in front and west of the lands of defendant."

The same rule of construction has often been applied where a deed has referred to an existing map on file upon which the street appears as laid out. In the present case, however, there is nothing whatever in the defendant's deed of the property taken by itself from which an intention can be inferred to include in the conveyance any right to or interest in Austin Place. The description excludes it. It is not named, and no reference is made to any map upon which it appears, and thus the case differs from all those in which an intention to convey private easements has been inferred from the use of a proposed street as a boundary line, or a specific reference to it or to some map upon which it is shown. The respondents, however, claim that such easements were in fact included in the conveyance, because the Mapes map, upon which Austin Place was shown, was used as the basis upon which the sale was negotiated, and that reference was made in the course of the negotiations to the probable opening of that street at some future day. Whether these facts be claimed to be evidence bearing upon the intention of the parties as to what the deed included, or establishing an estoppel upon plaintiff to deny that he had included the private easements in his deed, the proof does not bear out the respondent's contention. It is true that the Mapes map was used as the basis for negotiating the sale, and that at one time it was proposed to convey the whole Horton tract. It also appears, however, that the express reason for excluding the bed of Austin Place from the conveyance was that Horton did not consider that the property to be taken in exchange was worth as much as the whole Horton tract was, and that the intention of Horton and his understanding with his grantee was that he would reserve the bed of Austin Place in order to equalize the trade, in the expectation that at some future time he would receive a substantial award for the property reserved, and thus, with the property taken in trade, receive what he considered a reasonable price for his whole tract. This purpose would have been wholly defeated if the deed had included private easements over Austin Place. In view of the evident care taken in the deed to avoid any express or implied grant of private easements over Austin Place, and of the oral testimony as to the negotiations leading up to the sale and resulting in the reservation of the land designed to be taken for Austin Place, it seems to me to be impossible to find that it was the intention or understanding of the parties that the deed from the appellant conveyed any rights or easements whatever over the tract of land affected by this appeal. On the contrary, the intention to exclude such easements appears as clearly as if expressly declared in the deed.

The result is that the order appealed from must be reversed, the motion to confirm the report denied, and the matter remitted to the commissioners, with directions to make a substantial award to the appellant. All concur.