ANNA R. CROSSIN, Appellant, *v.* JAMES A. WOOLF and Others, Defendants, Impleaded with JOSEPH SCHONLEBEN and MARY SCHONLEBEN, His Wife, Respondents.  (Action No. 10.)

First Department, April 5, 1918.

**City of New York — discontinuance of public street — extinguishment of easements — remedy of owners.**

All easements are extinguished by the discontinuance of a public street under the provisions of chapter 1006 of the Laws of 1895 and the only remedy of the owners thereof is that provided in the statute.

APPEAL by the plaintiff, Anna R. Crossin, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 21st day of July, 1915, upon the decision of the court after a trial at the New York Special Term.

Plaintiff appeals from said judgment in so far as it adjudges that the tax lien foreclosed herein is subject and subordinate to easements appurtenant to premises owned by the respondents and decrees that the premises covered by said tax lien be sold subject to said easements.

*Harold Swain,* for the appellant.

No appearance for the respondents.

LAUGHLIN, J.:

This is an action to foreclose a tax lien and it is brought by the transferee of the lien.  The premises upon which the tax was levied were formerly part of the roadbed of Fifth avenue as shown on a map made by property owners and entitled or indorsed " Map of the Village of Mt. Eden near upper

First Department, April, 1918.      [Vol. 182.

Morrisania depot, in the town of West Farms, Westchester County, N. Y.," and filed by them in the clerk's office of Westchester county in 1854. That territory was annexed to the city of New York by chapter 613 of the Laws of 1873. Fifth avenue as so delineated was duly accepted and adopted as a public highway under the name of Sherman avenue in 1878 by the department of parks pursuant to the provisions of chapter 604 of the Laws of 1874, under which said department was authorized to accept a tendered dedication of land for a public street. (*Matter of Mayor, etc.* [*Walton Ave.*], 131 App. Div. 696, 707, 708.) This part of Fifth avenue or Sherman avenue was closed and discontinued as a public street by being omitted from the maps filed pursuant to the provisions of chapter 1006 of the Laws of 1895 and it was thereby left in a new block or square bounded by four new streets and avenues, the first of which to be opened, regulated and graded was Walton avenue on the 15th of January, 1906. The respondents Schonleben owned and still own land abutting on that part of former Fifth or Sherman avenue upon which the tax lien is being foreclosed. Upon the trial they claimed private easements in the premises by virtue of such abutting ownership. The taxes were levied after the premises ceased to be a public street. The decision at Special Term went upon the theory, for which there was apparently authority at the time, that private easements of light, air and access were not extinguished by the discontinuance of a street under the statute last cited, and directed that the sale be made subject thereto; but it has been finally authoritatively decided in accordance with our views in *Matter of Mayor* [*Vanderbilt Ave.*] (95 App. Div. 533) and *Matter of Mayor, etc.* [*Walton Ave.*] (*supra*) that *all* easements are extinguished by such discontinuance and that the remedy of the owners thereof are those only provided in the statute. (*Barber* v. *Woolf*, 216 N. Y. 7; *Astor* v. *Thwaites*, 170 App. Div. 624; *Crossin* v. *Woolf*, 175 id. 883; affd., 220 N. Y. 586; *Schonleben* v. *Swain*, 130 App. Div. 521; affd., 198 N. Y. 621, 622.)

The respondents, therefore, have no easements or other interest in the premises and appellant was entitled to have the premises sold free and clear of any such claim to easements.

It follows that findings of-fact and conclusions of law inconsistent with these views should be reversed and findings and conclusions in accordance therewith made, and the judgment so far as appealed from should be reversed, with costs, and judgment modified as herein indicated and as so modified affirmed.

CLARKE, P. J., DOWLING, PAGE and DAVIS, JJ., concurred.

Judgment so far as appealed from reversed, with costs, and judgment modified as stated in opinion and as so modified affirmed. Order to be settled on notice.