PAUL TOTO, Plaintiff, *v.* FRANK CASSMASSINA, Defendant.

Supreme Court, Queens Special Term, July, 1922.

**Easements — right of way — rights of grantor — unreasonable interference.**

The grantor of a right of way of ingress and egress over his land has all the rights and benefits of ownership consistent with the easement.

In a deed of conveyance to plaintiff he for himself and all persons having a lawful right to use the same was granted a right of way of ingress and egress over land of his grantor thirty feet in width running from a road to the property conveyed to satisfy the requirements thereof. *Held,* that a gate twelve and one-half feet wide at the entrance of the right of way was an unreasonable interference therewith, particularly where it was evident that the parties contemplated that eventually the right of way would be a portion of a city street.

Suit for an injunction.

*Frederick W. Ritter,* for plaintiff.

*Sydney Rosenthal,* for defendant.

Lewis, J.  Plaintiff seeks an injunction restraining the use of a sign and the maintenance of a gate twelve and one-half feet wide at the entrance to a thirty-foot right of way.

Upon the trial it was stipulated plaintiff should have an injunction against the interference with the free use of said right of way for ingress and egress by the plaintiff and all persons having a lawful right to use the same.  The deed to plaintiff granted a right of way thirty feet in width running from a road to the property conveyed.  It is settled by authority that the defendant, as owner of the soil, has all the rights and benefits of ownership consistent with the easement.  Among others, must be the right to have his land fenced or unfenced at his pleasure.  *Brill* v. *Brill,* 108 N. Y. 511; *Avery* v. *N. Y. C. & H. R. R. R. Co.,* 121 id. 31.

It does not seem to me that the sign complained of impairs the rights of the plaintiff in any way.

" The doctrine that the facilities for passage where a private right of way exists, are to be regulated by the nature of the case and the circumstances of the time and place, is very well settled by authority." *Bakeman* v. *Talbot,* 31 N. Y. 366; Tiffany Real Prop. [2d ed.] 1356; Jones Ease. § 406.

The right of way provides that it shall be thirty feet in width. That, undoubtedly, to satisfy the requirements of the land conveyed to the plaintiff which is now subdivided into building lots.

It appears that the right of way is bounded on the north by the middle line of a street or avenue designated on the topographical map of the city of New York, borough of Queens, as Sigel avenue, and the parties evidently contemplated that the private right of way would eventually be a portion of Sigel avenue.

Under the circumstances the gate is an unreasonable interference with the right of way granted to plaintiff.  If a gate is to be maintained, it should be as wide as provided by the right of way.

Submit decision and judgment in accordance with this opinion.

Judgment accordingly.