ERIT REALTY CORPORATION, Respondent, *v.* SEA GATE ASSOCIATION, Appellant.

(Argued June 20, 1932; decided July 19, 1932.)

*Harold M. Kennedy* and *Benjamin Heller* for appellant. Plaintiff does not possess easements of ingress and egress to and from the beach reservation shown on the map. (*Heyman* v. *Biggs*, 233 N. Y. 118; *Matter of City of New York* [*Northern Boulevard*], 258 N. Y. 136; *Erit Realty Corp.* v. *Sea Gate Assn.*, 249 N. Y. 52; *Reis* v. *City of New York*, 188 N. Y. 58.) If plaintiff does possess easements in and to the beach reservation, its rights thereunder are burdened with the reciprocal obligation to abide by the rules and regulations of the defendant, and in accordance with these rules and regulations to pay its proportionate share of the maintenance charges levied by the defendant association against all Sea Gate property. (*Drabinsky* v. *Sea Gate Assn.*, 239 N. Y. 321; *Erit Realty Corp.* v. *Sea Gate Assn.*, 249 N. Y. 52.)

*Harry L. Kreeger* and *William Roth* for respondent. Plaintiff and those who hold through or under it were correctly held to have rights of easement in, and of user of, the beach reservation shown on the map, under reasonable rules and regulations of the defendant, adopted with a view to excluding all persons not entitled to access thereto or to the use thereof. (*Williamson* v. *Salmon*, 105 Misc. Rep. 485; 196 App. Div. 922; 233 N. Y. 657; *Drabinsky* v. *Sea Gate Assn.*, 239 N. Y. 321; *Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 41 App. Div. 93; 168 N. Y. 610; *Matter of Village of Olean* v. *Steyner*, 135 N. Y. 341; *Colling* v. *Buffalo Furnace Co.*, 73 App. Div. 22; *Haight* v. *Littlefield*, 147 N. Y. 338; *Kernochan* v. *N. Y. E. R. R. Co.*, 128 N. Y. 559; *Johnson* v. *Cox*, 196 N. Y. 110; *Ranscht* v. *Wright*, 9 App. Div. 108; 162 N. Y. 632.)

CROUCH, J. In 1897 a tract of land known as Sea Gate at the western end of Coney Island was shut off from the land to eastward by a physical barrier running from the Atlantic ocean on the south to Gravesend bay on the north. Sea Gate was then owned by the Norton Point Land Company. It was in process of development as an exclusively residential district of a high type. It had been surveyed and plotted on a map which was filed in the office of the Register of Kings county on June 16, 1897. The map portrayed the upland as laid out in streets, blocks and building lots. It also portrayed an area marked " Beach Reservation " lying on the ocean side to west and south between a black line marked " Mean High Water Line " and another black line, marked " North Line of Reservation." The latter line apparently followed the brink of the upland bank and marked the limit of upland ownership as well as the termini of the streets leading to the beach. In addition to what is shown on the map, it appears from the evidence that the termini of the streets were at that time bulk-

headed and that steps or stairs three or four feet high led down to the beach from each bulkhead.

On August 31, 1898, the Norton Point Land Company deeded certain lots to plaintiff's mesne grantor. The description in the deed was by block numbers as shown upon the filed map, to which reference was made. Thereafter, the Norton Point Land Company deeded to the defendant various lots not then sold in the tract, together with all its interest in the streets and beach, including lands under water and between high and low water mark acquired subsequent to the filing of the map and not shown thereon. Concededly defendant by that deed became vested with title to the lands within the street lines and to the lands included in the beach reservation. But that title was subject to any easements then existing.

The defendant was incorporated as a membership corporation. It was an instrumentality by which residents in the Sea Gate colony intended to make secure the social conditions and surroundings as they desired them to be. Among the objects stated in its certificate of incorporation were " the mutual comfort and convenience of its members; * * * to provide and maintain open places on the beach * * * for the common use of its members; to provide generally for the care, protection and maintenance of the property at Sea Gate of its members." It adopted and enforced certain rules and regulations restricting access to the tract and the use of its streets and beach. The expenses of maintenance and operation were paid by its members. Plaintiff never became a member. Plaintiff's property, located at the northeast corner of the tract, has by its own choice been opened to the public and now lies without the Sea Gate barrier. Nevertheless it asserts and has been granted by the judgment appealed from an easement of access over defendant's streets to and user of the beach reservation as shown on the filed map, subject only " to the reasonable rules and regulations of the defendant

whereby those having the right to enter such ' beach reservation ' may be identified."

The right of the defendant as against the plaintiff to maintain the barrier with entrance gate and guard, and reasonably to regulate admission, was determined in *Erit Realty Corp.* v. *Sea Gate Assn.* (249 N. Y. 52, 417; 253 N. Y. 522). Whether there was any easement in the streets of Sea Gate appurtenant to plaintiff's property beyond the necessities of access thereto was not determined. The point was not before the court. Nor was it determined in *Drabinsky* v. *Sea Gate Assn.* (239 N. Y. 321), where the controversy arose over the validity of the defendant's rules limiting the right of admission to and the use of its streets as a means of access. Nevertheless the reasons underlying the decisions in those cases are decisive here. Whatever easements appurtenant to plaintiff's property may exist in defendant's streets and beach, as well as the limitations thereon, arise solely by implication. Hence " the question is one of intention, to be answered, like questions of intention generally, in the light of all the circumstances." (*Matter of City of New York* [*Northern Boulevard*], 258 N. Y. 136, 147.) What appears upon the filed map, by reference to which the property of plaintiff was described in the original conveyance, is an important circumstance. It is not, however, the sole circumstance. The unbroken line marked " North Line of Reservation," apparently blocking off and barring the approaches to the beach, loses its significance when we learn that from each street end were stairways to the beach. The word " Reservation " in the label " Beach Reservation " marked on the area in question lacks the certainty of meaning which it has as a term of art in a deed of conveyance. It must be interpreted in the light of its setting. It was so interpreted in a contemporaneous resolution of the directors of the Norton Point Land Company, declaring " the intent of the company as to the so-called Beach Reserva-

tion " to be that it should be " forever kept for the free access and exclusive use of all the owners of any lots." It may be supposed that the sale of expensive lots in an exclusive seaside colony would have been difficult under any other arrangement. There can be no doubt that an easement in the beach and in at least one street giving access to it was appurtenant to plaintiff's property when defendant took its title.

Even so, the very circumstances which lead to that conclusion point to a reciprocal right in defendant to limit the user by any restriction which might reasonably be expected in such a locality. (*Drabinsky* v. *Sea Gate Assn., supra.*) The judgment appealed from makes identification the sole limitation. If that be a decision that no other limitation by way of rules and regulations would be reasonable, it decides an issue which was not litigated. The question of what other rules and regulations, if any, may or may not be reasonable is not before us. Neither is the question of whether defendant's lands under water and lands between high and low water marks are subject to an easement in favor of plaintiff. The asserted easement was solely to the ocean beach as shown on the filed map.

The judgment should be modified in accordance with this opinion and as so modified affirmed, with costs to the appellant in all courts.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.