ESTHER BLUM, Respondent, and ANNA EDELSTEIN, Plaintiff, v. THE
SEA GATE ASSOCIATION, Appellant.

Second Department, January ,10, 1938.

*Clarence G. Bachrach* [*David Finkelstein* with him on the brief], for the appellant.

*Raphael H. Weissman,* for the respondent.

*Bernard Sperber,* for *amici curiæ* Murray Vernon, Maude A. Thayer and Dorima Corporation.

*Irving Mariash* as *amicus curiæ.*

ADEL, J. Facts pertinent to this appeal are stated in the opinion of *Tenenbaum* v. *Sea Gate Association* (253 App. Div. 166), handed down herewith. Some other and different facts apply to plaintiff Blum. She obtained title to her property, which is located in Sea Gate, in March, 1935, by foreclosure of a mortgage that she acquired in 1934. At those times both the outside fence and the beach fence had been erected and in use for many years. Plaintiff Blum did not become a member of the defendant association; but her immediate predecessor was long a president thereof, and her remote predecessor, Phillips, took title in 1898, after the fence had been erected; so that there was full knowledge of the conditions by the grantors.

Plaintiff Blum does not allege that Phillips' deed contained a clause granting access to the beach, as does the deed in the *Verran* action; but claims an implied easement to the beach by reason of a general resolution of the Norton Point Land Company, made in 1897, which reads, in part, as follows: " The said Beach Reservation, as above defined, shall be forever kept for the free access and exclusive use of all the owners of any lots now or heretofore owned by the company, and as an open beach except as hereinafter provided, and access thereto shall be kept open through all

streets laid down on said map leading to said beach, and no house, stable or other permanent structure of any kind shall be erected or maintained on such Beach or Beach Reservation by the Company or any person or persons, the Company nevertheless reserving the full right to erect thereon bath-houses, piers, bulkheads, jetties or other structures designed solely for the protection of the beach or upland, or for the comfort and convenience of property owners, and also reserving the right at all times to make rules and regulations for the proper government and use of the said Beach or Beach Reservation."

The " Beach " or " Beach Reservation " stated in the resolution refers to filed maps which make it plain that the easement extended only to the mean high-water line.

Though the facts are somewhat different in this action, I think plaintiff Blum is not entitled to an injunction for the reasons stated in the opinion in *Tenenbaum* v. *Sea Gate Association (supra)*; and for the additional reason that Phillips took his title after the street fence had been erected and standing, and the street easement is, therefore, subject to the right of the defendant association reasonably to bar access to and egress from the community. (*Erit Realty Corp.* v. *Sea Gate Assn.*, 249 N. Y. 52, 57-59.) I am willing to find that plaintiff Blum has an implied easement, territorially, to the beach and to the foreshore. But it is clear that there was no intention to grant a use of the beach except upon compliance with the conditions under which a beach in such a community would be used. (Id.) As stated in the companion opinion, I do not find that use of the streets has been refused.

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs.

HAGARTY, DAVIS and TAYLOR, JJ., concur; CLOSE, J., concurs in result.

Judgment reversed on the law, with costs, and the complaint dismissed, with costs.