Burke, J.
This case involves two separate causes of action; the first against the Atlantic Beach Holding Corporation for a judgment declaring that the residents of the community have a right to the use of the boardwalk in front of the club; and the second, against the defendants, Feinberg and Koeppel, for a judgment declaring that the residents of the community have a right to use that portion of Suffolk Boulevard* which Feinberg and Koeppel have enclosed.

*25 Atlantic Beach, Nassau County, New York, is a parcel of land at the westerly end of Long Beach, Long Island, approximately 6,800 feet in length and 1,900 feet deep from the Atlantic Ocean on the south to Far Rockaway Bay on the north. In 1926 the entire parcel of land, which was then undeveloped, was conveyed to Island Park Associates Inc. The corporation thereupon filed a map of the tract, showing a subdivision into lots, blocks, streets, beach areas, designated as Map No. 500, filed in the Nassau County Clerk’s office. Shortly thereafter a second map, Map No. 630, substantially identical with the first, with exceptions not relevant here, was filed in the Nassau County Clerk’s office. Both of these maps plotted a single and unobstructed boardwalk for the full length of the development, immediately south of the most southerly blocks shown on the maps and just north of the high water line of the Atlantic Ocean. The strip, representing the boardwalk, was not given a lot number, nor was it subdivided into plots like the rest of the areas available for sale. Both of the afore-mentioned maps laid out a series of streets, including Suffolk Boulevard, which runs north and south, terminating on the north near the waters of Far Rock-away Bay. This boardwalk, completed in 1929-1930, was plotted on the early maps as extending for the full length of the development. As constructed, however, it was about a mile long, commencing at a point just west of the Plaza and extended easterly beyond Vernon Avenue.
Such were the conditions in Atlantic Beach when in 1929 the husband of plaintiff Ollendorff and in 1933 the plaintiff Weil bought homes located on the east side of Tioga Avenue between Park Street and Ocean Boulevard. Their deeds describe the properties by reference to Map No. 630. Map No. 630 shows a beach on the south bordering the ocean and on the north a thin strip of land bordering the bay. The deeds granted the plaintiffs a perpetual right to the use of the beach for bathing purposes, and access to said beach without charge therefor.
When originally erected the boardwalk was completely open and unobstructed from the Plaza to Vernon Avenue. Sometime in the early 1930’s, a portion of the boardwalk about 110 feet in width in front of the property now in dispute was removed by the club.
*26 This gap did not prevent the property owners from waiting the full length from Vernon Avenue to the Plaza, because there were two means of access past the cut: (1) there was a ramp around this cut at the same level as the boardwalk, and (2) there were stairs on either side of the gap so that property owners could descend on one side, cross the sand and ascend to the boardwalk to the other side of the cut. In the early 1930’s, the club erected small three-foot picket fences with swinging gates across the boardwalk at Putnam Boulevard and at Vernon Avenue. These fences were erected to keep out nonresidents of Atlantic Beach. The residents and property owners were at all times permitted free access through the entire length of the boardwalk. These conditions existed up until 1939.
In the summer of 1939, solid wooden fences about five feet high were erected across the boardwalk at Putnam and Vernon without any gates. Plaintiff Weil and others attempted to tear down one of the fences when they were interrupted by guards of the club who brought them in to see Drosnes, an official of the club and one of the defendants in this action. After an inconclusive discussion, Weil and his neighbors returned home. Thereafter, the wooden fences were replaced by wire fences with gates and locks. Keys to the gates were given to the property owners, some of whom signed receipts. The receipt, signed by Weil, provided in part: “It is also understood that the signing hereof by the undersigned does not in any way constitute an admission that the undersigned need apply to the Atlantic Beach Hotel and Bath Club, Inc. for any such permission, this arrangement being purely temporary and voluntary and is not intended to create any additional rights or waive any rights by either party.” This condition continued to exist until about 1945 when the gates were closed permanently.
During this time the rest of the boardwalk fell into disrepair. The boardwalk was finally closed in 1949.
Efforts to rehabilitate the boardwalk culminated in the formation of the Atlantic Beach Park District. In 1952 the Park District built a boardwalk, extending westward from Putnam Boulevard to the Plaza, a distance of some 16 blocks. This boardwalk, however, does not join the defendant’s boardwalk, because the funds were exhausted before a 40-to-60 foot gap could be bridged. The old section of the boardwalk which had *27 been erected at that place was destroyed by a hurricane. The facts related above are pertinent to the issues in the first cause of action. We now turn to the circumstances of the parties to the second cause of action.
In 1941 the defendant Feinberg bought from a remote grantee of the developer a water-front home which extends from Bay Boulevard to the bay on the west side of the dead-end strip labeled on the map as “ Suffolk Boulevard”. In the spring of 1944 Koeppel bought a home which is opposite Feinberg’s premises on Suffolk Boulevard.
Maps Nos. 500 and 630, filed by the developer, laid out a series of streets, including Suffolk Boulevard, running north and south and terminating on the north near the waters of Far Rockaway Bay. Along the entire northerly line of the development there appears to be a strip of land (indicated by double lines on the map) between the north line of the lots and the northerly extremity of the streets leading to the bay. Most of the streets were improved by the developer with pavement and sidewalks but due to the approaching depression, the streets upon which no homes fronted were not improved, although on Suffolk Boulevard, adjoining Feinberg’s house, there was a sidewalk for the full depth of the lot. During the course of the development, the developer reserved title to the streets.
As a result of a bankruptcy reorganization, the trustees conveyed title to the streets to the Atlantic Beach Sales Corporation in 1937. Later in 1937 Maps Nos. 3829, 3830 and 3831 were filed. The strip of land represented by double line on the north side of Atlantic Beach was eliminated except at the ends of the streets where the double line remained and was marked in each case “ 3' reserve.”
By instrument dated September 3, 1942, and recorded on October 22, 1942, the sales corporation filed a declaration of easements affecting 14 “ bay areas ”, including Suffolk Boulevard, and the waters of the bay. These bay areas consisted of the strips of land marked “3' reserve ” on the aforementioned maps and whatever land had accreted thereto along the bay. By the terms of said declaration the property owners were granted easements of passage over the bay areas by foot and for transporting boats. Paragraph “Fourth” of that declaration provides that “ Access to the said ‘ bay areas ’ shall not be obstructed by any fences ” unless the same have *28 gates affording access to the bay and that “ no structures shall be erected on any of the said ‘ bay areas ’ except such structures as may be necessary * # - * for protection from the waters of Far Bockaway Bay ’ ’. The mortgages upon the bay areas and streets, held by the Title Guarantee & Trust Company, were subordinated to these declarations and on February 27, 1943, when the mortgage was foreclosed, the Beferee’s deed conveying the same to the title company was made expressly subject to the said declarations.
When Koeppel and Feinberg obtained quitclaim deeds to their respective halves of Suffolk Boulevard, they had constructive notice that there was an easement over the street in favor of the Atlantic Beach residents. Not only was the declaration of easements on file, but the defendants’ quitclaims stated that they were subject to easements of record, if any. These quitclaim deeds refer to Map No. 630 on which the area in question is clearly designated as a street.
After a trial without a jury, Special Term granted judgment, decreeing that: (1) property owners in Atlantic Beach “ have easements over and are entitled to the free and unobstructed use and right of way through, over and upon ’ ’ the club’s boardwalk and the walk in between the sections of boardwalk in front of the club; (2) the cost of maintaining that strip of boardwalk shall be shared by the property owners in Atlantic Beach ; (3) the defendant must remove the fences barring access to the club’s boardwalk and is enjoined from intérfering with the property owners’ easement, and (4) property owners in Atlantic Beach have easements over and are entitled to the free and unobstructed use and right of way through, over and upon that portion of Suffolk Boulevard which lies north of the northerly line of Bay Boulevard. On appeal the Appellate Division modified the judgment in two respects: (1) limited the easement to those lots which were originally conveyed by reference to Maps Nos. 500 and 630, and (2) confined the easement to the boardwalk of the club and struck out that portion of the judgment which extended the easement to the walk in front of the club. Both parties appeal to this court from this modification.
In the disposition made of this case below, it was properly held that an easement by implication in and to the boardwalk exists in favor of the property owners whose deeds refer to Maps Nos. 500 and 630 and to their grantees and that an easement *29 by implication exists in favor of the property owners in and to Suffolk Boulevard. (Wilkinson v. Nassau Shores, 1 Misc 2d 917, affd. 278 App. Div. 970, mod. 304 N. Y. 614; Erit Realty Corp. v. Sea Gate Assn., 259 N. Y. 466.)
However, the plaintiffs contend that the refusal of the Appellate -Division to declare an easement over the walk between the sections of the boardwalk situated where a portion of the boardwalk structure formerly stood is error. This objection is well taken. By the pleadings the property owners seek to establish an easement over the boardwalk as originally erected in front of the club of the developer. The alteration of a small section of the boardwalk by a predecessor of the present defendant corporation to create a space now a walk, cannot deprive the plaintiffs of their easement in and to the boardwalk as originally erected. Accordingly, the property owners whose deeds refer to Maps Nos. 500 and 630 and their grantees are entitled to an easement over the walk. Since the complaint prays for an injunction and general relief, such a prayer invoked the equity powers of the court in the broadest terms. (Ferguson v. Village of Hamburg, 272 N. Y. 234, 239.) “ A prayer for general relief is as broad as the equitable powers of the court, and under it the court may properly shape its decree in accordance with the equities of the case.” (Bonham v. Coe, 249 App. Div. 428, 439, affd. 276 N. Y. 540, and cases cited.) Walrath v. Hanover Fire Ins. Co. (216 N. Y. 220) is not controlling here. The rule in that case is inapplicable to a cause wherein a party seeks an exercise of the power of an equity court to give proper relief under appropriate circumstances.
The judgment of the Appellate Division should be reversed insofar as it strikes the words “ and walk in between the sections of boardwalk in front of the hotel ’ ’ from the first decretal paragraph of the judgment of Special Term. In all other respects the judgment is affirmed, without costs.
Conway, Ch. J., Desmond, Fuld, Froessel and Van Voorhis, JJ., concur; Dye, J., taking no part.
Judgment of Appellate Division modified in accordance with the opinion herein and, as so modified, affirmed, without costs.