Samuel W. Eager, J.
The plaintiffs bring this action to restrain defendant from obstructing and preventing the use by-plaintiffs of alleged easement rights over a portion of Wells Avenue, which portion was formerly part of a public street in the city of Yonkers. The plaintiff corporation is the owner and the plaintiff copartners are the lessees of certain real property situate on the southeast corner of said Wells Avenue and River Street in said city. They allege that they have a private easement in said Wells Avenue for its full width for the purpose of access to their said premises to and from Woodworth Avenue and other streets of the public street system of said city. It is further alleged that Wells Avenue was discontinued by the city as a public street starting at a point at the easterly line of plaintiff’s property and running to said Woodworth Avenue; that the portion of said Avenue so discontinued was sold and conveyed by the city to defendant; and that defendant has erected barricades across such portion.
It is, in substance, plaintiffs’ claim that they are possessed of a private easement of way over the discontinued portion of Wells Avenue surviving the closing thereof as a public street. They claim that such an easement became vested in predecessors in title by virtue of implication on a conveyance of certain premises (including the Wells and River corner lot) by reference to a map showing said Wells Avenue to be a street or way.
The rule is that where there is a conveyance of a lot out of a tract of land with a reference to a map of the tract showing *673 certain streets leading to the lot, a determination of whether or not an easement by implication was created depends entirely upon the intention of the parties as of the time of the conveyance. (Rose v. Indian Park Assn., 3 A D 2d 274; Matter of One Hundred and Sixteenth Street, 1 App. Div. 436, 443; Matter of City of New York [Austin Place], 125 App. Div. 821, 823; 28 C. J. S., Easements, § 39, p. 703.) “ The easement in streets or roads for the purpose of access which may be acquired by a purchaser of a plat of land for a developer by reason of the fact that the deed to the purchaser described the plat by referring to it as designated on a stated map and the further fact that the map shows the plat as it appears with reference to streets and roads laid out on the map (Lord v. Atkins, 138 N. Y. 184, 191) ‘ may be found by implication ’, the question being ‘ one of intention, to be answered, like questions of intention generally, in the light of all the circumstances ’ (Matter of City of New York [Northern Blvd.], 258 N. Y. 136, 147). What appears on the map ‘ is an important circumstance ’ even though not the sole circumstance (Erit Realty Corp. v. Sea Gate Assn., 259 N. Y. 466, 470).” (Rose v. Indian Park Assn., supra, p. 278.)
The plaintiffs here seem to rest their claim to the creation of a private easement upon the conveyance in 1855 by Woodworth and Rich to Scrymser of an equal undivided five eighths of various parcels and lots (including the Wells and River corner lot). Such conveyance, in describing certain of the lots conveyed, referred to a duly filed map of a “ Ten Acre Tract in the Village of Yonkers ” owned by said Woodworth, Rich and Scrymser. Wells Avenue, including the portion thereof now discontinued, is shown on said map as a street. For the purposes of this decision, the court will assume that said Woodworth, Rich and Scrymser were, prior to such conveyance, the owners of the lots and parcels of realty described in the deed to Scrymser, and that such conveyance vested the entire title to the same in Scrymser. The court will assume, too, that it was intended that Scrymser, in connection with his ownership of the parcels and lots described in the deed to him, was to have the right to use the streets on such map for access to the parcels and lots described. It is to be noted, however, that it does not appear whether or not the parties, at or prior to such conveyance, were the owners of the land embraced within the limits of Wells Avenue as shown on said map. It is the rule, of course, that “ (a) street easement by grant arises only when it is shown that the dominant tenement (ownership of the land) and the *674 bed of the street were once the property of a common grantor.” (Matter of City of New York [East 5th St.], 1 Misc 2d 977, 985.) Certainly, a private easement of way may not, by grant, be expressly or impliedly created over purported streets where the ownership of the' land in the streets and of all easement rights therein is vested in a third person or in a municipality not a party to the grant. (Matter of City of New York [East 5th St.], supra; Iscovitz v. Fischer, 160 N. Y. S. 2d 89, 91; Klug v. Jeffers, 88 App. Div. 246, 249; Matter of City of New York [Lawrence St.], 136 N. Y. S. 845.)
Now, plaintiffs concede that "Wells Avenue has been a public street since 1855. There is no proof exactly when or how it became a public street, or whether or not the entire fee, free of all easements was vested in the municipality in or prior to 1855. In any event, plaintiffs, by their brief, concede that, “ All the streets referred to (including Wells Avenue) were public streets in the Village of Yonkers from 1855 until the year 1872 when the Village was incorporated as a city in which they continued as public streets, until closed by the discontinuance proceedings last year.”
Certainly, no permanent private easement by implication for purposes of ingress and egress would arise for the use of Wells Avenue by Scrymser and his successors in title if Wells Avenue was in fact a public street and owned as such at the time of the conveyance to him of the undivided interests of his co-owners. This is so, because, clearly, individuals may not create a private easement in a public street. Nor, in my opinion, would such an easement by implication arise if it were the intention of the parties that Wells Avenue was shortly to be dedicated or conveyed to the municipality as a public street. Under such circumstances, the parties would anticipate that a private easement would not be necessary or proper, that is, a private easement permanent in nature to survive the proposed grant to the municipality, and the element of intention to create a permanent private easement which is necessary as a foundation for such as easement by implication would be lacking.
Then, further, it is to be noted that all deeds in the chain of title described the premises as beginning “ on the southerly line of Wells Avenue at its intersection with the easterly line of River Street” and fixed the boundaries thereof as along the side lines of said streets. And then, Scrymser, who had acquired title to several of the parcels and lots shown on the map of the ‘‘ Ten Acre Tract ’ ’, using such description, conveyed the Wells and River corner lot in 1866 to James and George Stewart, under whom plaintiffs claim, without any *675 reference in the conveyance whatever to any map or particular easement in Wells Avenue. Consequently, in view of the description limiting the boundaries of the premises to the side lines of the streets, there was, at least prima facie, excluded from the conveyance any interest in Wells Avenue. (See White’s Bank of Buffalo v. Nichols, 64 N. Y. 65; Matter of City of New York [165th St.], 258 N. Y. 42, 47; Monogram Development Co. v. Natben Constr. Co., 253 N. Y. 320, 322.) At the time of the conveyance to said James and George Stewart, Wells Avenue was a public street, and, under the circumstances, it would seem clear that no private interest in Wells Avenue, distinct from the rights of the public generally, was intended to be conferred upon them and their grantees. Of course, the later deeds in the chain of title, that is, the deed to the immediate grantor of the plaintiff corporation and the deed to the latter, would convey only such title as was possessed by their predecessors in title, and, if such predecessors had no interest in Wells Avenue, the addition in such deeds of the provision conveying the right, title and interest of the grantors in and to any land lying in the bed of any street in front of or adjoining the premises to the center line thereof, is of no avail to plaintiffs.
It is said that “ [t]he law is jealous of a claim to a[n] easement and the burden is on the party asserting such a claim to prove it clearly.” (Nash v. Moller, 141 N. Y. S. 2d 43, 44.) The plaintiffs have failed to sustain this burden. They have not established that their predecessors in title acquired any such easement as claimed, and therefore, plaintiffs’ complaint must be and is dismissed.
In any event, assuming arguendo that Scrymser, by virtue of the 1855 deed, acquired a private easement to use Wells Avenue as a way to and from the Wells and River corner lot, and that Wells Avenue was later dedicated and accepted as a public street, the rights predicated upon such deed to so use Wells Avenue became merged with the public title and have been extinguished as to the portion of Wells Avenue discontinued as a public street. I believe Matter of Joiner St. (177 App. Div. 361) would require such a holding. (See, also, Crossin v. Woolf, 182 App. Div. 607 and cases cited.)
Certainly, it is reasonable to infer that the original co-owners, Scrymser and his grantors, contemplated that Wells Avenue would he accepted and maintained by the municipality as a public street. This undoubtedly was their plan and expectation from the beginning when they laid the property out into lots and parcels. So, if Wells Avenue was not vested in the municipality as a public street at the time of the deed to Scrymser, it *676 is to be inferred that it was the intention of the parties that eventually it be so dedicated and vested, and that eventually the same would become and be a complete public street subject to all provisions of law and rights of the municipality with reference to such a street. Consequently, any easement of way implied on the grant to Scrymser would be subject to such understanding, and Scrymser and his grantees would be bound accordingly. It must be assumed that he and his grantees would know, too, that, as a general proposition, public streets when taken over as such by a municipality, are completely turned over to it and put solely under its control, without a reservation of any private rights in favor of abutting owners extending beyond the sidelines of their respective properties. Included within the powers of a municipality over its public street system, is the undoubted right to discontinue a street or portion thereof for street purposes upon payment of just compensation to those legally damaged; and when Wells Avenue became a public street, the same was subject to the provisions of law, including the provisions of the charter of the municipality of Yonkers, for discontinuance thereof or a portion thereof for street purposes. (See, Matter of Joiner St., supra; see, also, Tesson v. Porter Co., 238 Pa. 504; Gailey v. Wilkinsburg Real Estate Trust Co., 283 Pa. 381.)
It is noted that there is not involved here the question of the existence of an easement by necessity inasmuch as there still remains access to plaintiffs’ premises by way of public streets, though it is to be noted that such access is not as convenient as a way over Wells Avenue. It is further noted that there is no question as to the legality of the proceedings by the City of Yonkers for the discontinuance as a public street of the portion in question of Wells Avenue; and it appears that, in connection with such discontinuance, due provision was made for compensation to plaintiffs for their damages, if any, sustained by reason thereof.
The complaint is dismissed, without costs. This will stand as the decision of the court with judgment hereon to be settled on notice.