OPINION OF THE COURT
Robert W. Cacace, J.
The defendant is charged with violation of section 90-6 of the Code of the City of Yonkers, in that it failed to remove snow and ice from the sidewalk in front of the premises owned by it, which premises are known as No. 900 Palmer Road in the City of Yonkers.
The defendant moves to dismiss the complaint on the ground that the sidewalk in question, while technically contiguous to its property, is separated by a wall, built by the State of New York, subsequent to the acquisition by the State of a permanent easement. The position of the defendant is that the "permanent easement” of the State of New York, and the construction of a wall thereon, physically separates its property from the sidewalk in question and in effect makes the sidewalk one fronting on the property of another, i.e. (State of New York), who would have the obligation of complying with the section.
The Taconic State Park Commission, an agency of the State of New York, constructed a highway known as the Sprain Brook Parkway adjacent to the land owned by the defendant. As a result of that construction they determined the need for the construction of a retaining wall along Palmer Road, and on the property of the defendant. Condemnation proceedings were begun and the commission obtained a permanent easement for the construction and maintenance of a retaining wall on a portion of frontage of defendant’s property, and the defendant was compensated for the taking of this permanent easement.
In furtherance of the stated purposes of the taking, the commission did in fact construct a retaining wall, the sidewalk in front of which is the subject of this action. The wall in question is of concrete, and stone construction and approxi *1069 mately 316 feet in length on the sidewalk side and as much as 30 feet in height on portions of the defendant’s side.
The premises are presently improved by a multifamily residential apartment house and appurtenant structures.
The defendant alleges that a permanent easement is tantamount to the taking of a fee simple absolute and argues if the State had taken the fee there would be no question of the State’s responsibility for the maintenance of the sidewalk.
In support of its position the defendant cites the cases of Dillenbeck v State of New York (193 Misc 542, affd 275 App Div 871), and Bacorn v State of New York (195 Misc 917), both of which cases stand for the proposition that a taking by the State or appropriate agencies, in eminent domain of a permanent easement is tantamount to the taking of a fee.
The problem is that the courts in those instances were discussing the nature of the taking in relation to the damages to be paid to the owners of the fee. They did not purport and do not change the law as to the prerogatives and obligations of a fee owner in regard to others.
It is clear that a permanent or perpetual easement may be created in law (Nellis v Munson, 108 NY 453), and the easement may be terminated by subsequent events such as abandonment of site (Gerbig v Zumpano, 7 NY2d 327), or agreement between the owners of the dominant and servient tenants (Di Leo v Pecksto Holding Corp., 304 NY 505).
r It is also apparent that the magnitude of the easement is determined by the grant (Herman v Roberts, 119 NY 37), and that the owner of the servient tenant has the use of the soil or easement area in any way which does not conflict with the rights of the dominant tenant or possessor of the easement. (Weil v Atlantic Beach Holding Corp., 1 NY2d 20; Paine v Chandler, 134 NY 385; Herman v Roberts, 119 NY 37.)
Thus, the defendant has the right to cross over the wall in question, either in its present condition or if the ground is altered in any way which makes the crossover practical, so long as such construction did not interfere with the existence and maintenance of the wall. The defendant also has the right to exclude others from the use of the easement and/or wall for any reason. (Carlson v Lake Kitchawan Assn., 133 NYS2d 29.) In short the defendant has all the rights and benefits of ownership consistent with the easement (Paine v Chandler, supra; Lattimer v Sokolowski, 31 NYS2d 880; Toto v Cassmas *1070 sina, 119 Misc 68). The defendant is the owner of the fee. The ordinance imposes a duty on an owner and occupant to clean snow from the sidewalk in front of his premises. Neither the easement nor the wall built thereon affects the owner’s obligation under the ordinance. The motion to dismiss is denied. The matter is restored to the calendar of Part II of this court on June 30, 1978 at 10:00 a.m.