■ MANHATTAN BEACH COMMUNITY GROUP, INC., et al., Appellants, v JACK LABOZ et al., Respondents. [638 NYS2d 112] —In an action, *inter alia,* to permanently enjoin the defendants from interfering with the use of an alleged easement over part of the defendants' property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Yoswein, J.), dated March 9, 1994, as, after a nonjury trial, dismissed the action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"It is well established that when property is described in a conveyance with reference to a subdivision map showing streets abutting on the lot conveyed, easements in the private streets appurtenant to the lot generally pass with the grant *(see,* 1 Rasch, Real Property Law and Practice § 744 * * * *Weil v Atlantic Beach Holding Corp.,* 1 NY2d 20; *Erit Realty Corp. v Sea Gate Assn.,* 259 NY 466)" *(Fischer v Liebman,* 137 AD2d 485, 487). In determining if there is an implied easement by grant, the main factor to be considered is the intent of the parties to the grant, taking into consideration " 'the circumstances attending the transaction, the particular situation of the parties, the state of the country and the state of the thing granted' " *(Matter of City of New York [Northern Blvd.],* 258 NY 136, 147-148).

The plaintiffs' contention that they had an implied easement by grant over the defendants' property, which was part of a private walkway called the Esplanade, is without merit. First, none of the plaintiffs' property abuts the Esplanade *(see,* 1 Rasch, Real Property Law and Practice § 744; *Weil v Atlantic Beach Holding Corp., supra; Erit Reality Corp. v Sea Gate Assn., supra; Reis v City of New York,* 188 NY 58; *Fischer v Liebman, supra).* Second, the deeds to the properties of the plaintiffs Stern and Maltz make no reference to maps which depict the Esplanade *(see,* 1 Rasch, Real Property Law and Practice § 744; *Weil v Atlantic Beach Holding Corp., supra; Erit Reality Corp. v Sea Gate Assn., supra; Fischer v Liebman, supra).* Finally, the Esplanade was subdivided into separate lots, and sold sepa-

rately *(cf., Weil v Atlantic Beach Holding Corp., supra).* Therefore, the plaintiffs failed to meet their burden of proving that an implied easement by grant existed by clear and convincing proof *(see, Huggins v Castle Estates,* 36 NY2d 427). Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.