FG&N Trust v 165 Hous. Corp. (2025 NY Slip Op 02129)

FG&N Trust v 165 Hous. Corp.

2025 NY Slip Op 02129

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 158976/23|Appeal No. 4093|Case No. 2024-07199|

[*1]The FG&N Trust, Plaintiff-Respondent,
v
165 Housing Corp., et al., Defendants-Appellants.

Brody Law Group, PLLC, New York (Jeffrey H. Weinberger of counsel), for appellants.
Zukerman Gore Brandeis & Crossman, LLP, New York (Jeffrey L. Friesen of counsel), for respondent.

Order, Supreme Court, New York County (James d'Auguste, J.), entered November 12, 2024, which granted plaintiff's motion for appointment of a temporary receiver pursuant to CPLR 6401 to undertake roof repairs, unanimously affirmed, without costs.
Plaintiff, the owner of a penthouse apartment in the building owned by defendant cooperative, seeks monetary damages resulting from damage to the roof that became apparent after a storm in July 2021, and rendered the apartment uninhabitable.
The court properly appointed a temporary receiver based on the clear evidentiary showing that the roof was severely damaged and in need of extensive and immediate repairs, and that plaintiff's apartment was uninhabitable due to the roof damage (see Calderoni v 260 Park Ave. S. Condominium, 220 AD3d 563, 564 [1st Dept 2023]). In support of its application, plaintiff submitted two reports by engineering and architecture firms retained by defendant and a more recent report by a firm retained by plaintiff. Defendants' experts' reports, prepared in the year following the storm, documented widespread "failures and deteriorations" that were a "manifestation [of] the 'cancer' that has been metastasizing for a prolonged period of time" in the roof and "major structural damage" at the penthouse roof. Plaintiff asserted that, as of August 2024, defendant board members received bids from contractors for the repairs but made no further progress toward making repairs. In opposition, defendants contended that the repairs would be costly and necessitate the raising of funds, but they did not dispute the dire condition of the roof or the lack of progress in making repairs.
We decline to consider defendants' argument that appointment of a temporary receiver was improper because plaintiff seeks only money damages, as the argument was raised for the first time on appeal (see McMahon v Cobblestone Lofts Condominium, 189 AD3d 484, 484 [1st Dept 2020]). In any event, we reject the argument. In construing the pleadings liberally (CPLR 3026), the complaint, as amplified by the bill of particulars, alleges that defendants are required to fulfill their obligation to repair the roof and restore the apartment to a habitable condition (see Weil v Atlantic Beach Holding Corp., 1 NY2d 20, 29 [1956] ["[a] prayer for general relief is as broad as the equitable powers of the court, and under it the court may properly shape its decree in accordance with the equities of the case" (internal quotation marks omitted)]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025