■ BARBARA NIETO et al., Appellants, v GARY CERASO et al., Respondents.—In an action, *inter alia,* for a judgment declaring the existence of an easement and for permission to enter the property in question to install a sewer line, the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 19, 1987, which denied their application for permission to enter upon the property in question for the purpose of installing a sewer line, and (2) from an order of the same court, entered April 1, 1987, which, *inter alia,* granted the defendants' cross motion for summary judgment dismissing the action.

Ordered that the order entered February 19, 1987, is affirmed; and it is further,

Ordered that the order entered April 1, 1987, is modified, on the law, by adding a provision thereto that the alleged easement does not exist; as so modified, the order entered April 1, 1987, is affirmed, and it is further,

Ordered that the defendants are awarded one bill of costs.

After purchasing property adjacent to the lot in question, the plaintiffs sought to install a sewer line across the lot. When access to the lot was denied for this purpose, this action to establish the existence of an easement ensued. The plaintiffs claim that they are entitled to an easement over the lot in question because a 1976 subdivision plat which had been filed by the developer reflected the existence of a "proposed 8 [inch] ACP sanitary sewer" which, if built, would have traversed the lot and run into the property now owned by the plaintiffs. The plat containing the "proposed sewer" is a legally insufficient basis upon which to establish the existence of an easement as there had never been any representations to the plaintiffs that this sewer line, which had merely been proposed in 1976, had been or would be built *(see,* 49 NY Jur 2d, Easements, § 57, at 144; *Biggs v Sea Gate Assn.,* 211 NY 482). Further, the plaintiffs failed to raise any triable issues with regard to their claim of an express or implied easement.

Also, the plaintiffs failed to establish an implied easement by necessity in this case since there is an alternative means of a sewer hookup available 72 feet from the plaintiffs' property *(see, Heyman v Biggs,* 223 NY 118).

Under these circumstances, the court correctly granted the defendants' cross motion for summary judgment. However, since the action seeks a declaratory judgment, declaratory relief should be issued *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.