■ BOOTH SILVERCREST, Appellant, v ST. CHRISTOPHER-OT-TILE, Respondent. [600 NYS2d 95] —In an action, *inter alia,* for a judgment declaring that the defendant does not have an easement over certain property owned by the plaintiff, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated December 5, 1990, which denied its motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the issue of liability is granted, and it is declared that the defendant has no easement under the doctrine of "strict necessity"; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for settlement, on notice, of an interlocutory judgment (1) declaring that the defendant has no easement over the plaintiff's property, (2) permanently enjoining the defendant from using the sewer line which is under the plaintiff's property, effective no sooner than 90 days after the date of service upon the defendant of interlocutory judgment with notice of entry thereof, and (3) directing a trial on the issue of damages.

The defendant sold a portion of its property that, after several conveyances, was eventually sold to the plaintiff. While constructing a nursing facility on its new property, the plaintiff struck and damaged a sewer line which carried effluents from the defendant's property across the plaintiff's

property to a city sewer line. The plaintiff unilaterally relocated the sewer line so that it would not interfere with construction, at an alleged cost of $40,000. The plaintiff then commenced this action for (1) a declaratory judgment barring the defendant from all claims to an estate or interest in the property, (2) recovery of at least $40,000 in damages, and (3) an injunction restraining the defendant from using the sewer line and interfering with the plaintiff's possession, use, and enjoyment of the property. The plaintiff moved for partial summary judgment declaring its rights to the property and seeking an injunction against further use of the property by the defendant. In support of the motion, the plaintiff submitted, *inter alia,* evidence that city sewer lines run along either side of the defendant's property.

We find that no issues of fact exist as to whether an easement by necessity can be implied. Two of the requirements for an easement by necessity claimed by a grantor are that the use of the subordinate estate be plainly and physically apparent on reasonable inspection and that the easement must affect the value of the estate benefitted and be strictly necessary to the reasonable use of that estate *(see, Ryerson Tower v St. James Towers,* 131 AD2d 744; *Buck v Allied Chem. Corp.,* 77 AD2d 782; *Zentner v Fiorentino,* 52 AD2d 1036). Here, the existence of a sewer line on the plaintiff's property was not plainly apparent. The record demonstrates that neither party knew where the sewer line ran under the plaintiff's property until the plaintiff struck the line in the course of construction. Although the defendant submitted photographs purporting to show that the sewer was plainly apparent, all of those photographs were taken on the defendant's property, and the plaintiff, as a purchaser without notice, was not required to examine nearby properties to discover the pipe *(see, Goldstein v Hunter,* 232 App Div 431, *affd* 257 NY 401). Nor, in view of the evidence that city sewer lines run adjacent to its property, has the defendant met its burden of showing that a triable issue exists as to whether continued use of the pipe running through the plaintiff's property is a necessity *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Valicenti v Schultz,* 27 Misc 2d 801).

We therefore conclude that the plaintiff has proved its entitlement, as a matter of law, to declaratory and injunctive relief. Equity requires that the effectiveness of the permanent injunction be stayed for a period of time sufficient to enable the defendant to relocate its sewer line, to wit, 90 days. The plaintiff's demand for damages should be remitted to the

Supreme Court, Queens County, for trial. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.