■ PETER GLENNON et al., Respondents, v ANTHONY S. MAYO et al., Appellants. [633 NYS2d 400] —In an action pursuant to RPAPL article 15 for a judgment declaring the validity of easements, and a permanent injunction against interfering with their use, the defendants appeal from stated portions of (1) a judgment of the Supreme Court, Suffolk County (Werner, J.),

dated December 9, 1993, which, after a nonjury trial, *inter alia,* made the declaration and awarded the plaintiffs a permanent injunction and (2) an amended judgment of the same court, entered February 17, 1994, which awarded the same relief.

Ordered that the appeal from the judgment dated December 9, 1993, is dismissed, without costs or disbursements, as that judgment was superseded by the amended judgment entered February 17, 1994; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs Peter and Christine Glennon (hereinafter the Glennons) and Frank Clarke are the owners of contiguous parcels of land which share as a border a private road which runs from Edge of Woods Road on the north to North Sea-Mecox Road on the south in the Town of Southampton. The northern boundaries of the plaintiffs' respective parcels front on Edge of Woods Road while the southern boundaries of their parcels abut several parcels owned by the defendants, some of which front on North Sea-Mecox Road. The plaintiffs sought a declaration of their entitlement to easements over the private road in order to access North Sea-Mecox Road.

We agree with the defendants' contention that the Glennons failed to show by clear and convincing evidence their entitlement to an implied easement based upon a preexisting use, inasmuch as mere convenience is insufficient to justify entitlement to such an easement *(see, Four S Realty Co. v Dynko,* 210 AD2d 622; *Astwood v Bachinsky,* 186 AD2d 949). In addition, the Glennons did not show that the use of the private road to access North Sea-Mecox Road by them and their predecessors in title was hostile and thus, did not establish their right to a prescriptive easement *(see, Turner v Baisley,* 197 AD2d 681; *2239 Hylan Blvd. Corp. v Saccheri,* 188 AD2d 524; *Boumis v Caetano,* 140 AD2d 401).

We find, however, that the Glennons established an implied easement by virtue of reference to the private road as a boundary in the deed which created their parcel, and the surrounding circumstances *(see,* 49 NY Jur 2d, Easements and Licenses in Real Property, § 58; *cf., Tarolli v Westvale Genesee,* 6 NY2d 32). In addition, Frank Clarke established an easement by express grant *(see, Strnad v Brudnicki,* 200 AD2d 735).

We have considered the defendants' remaining contentions, and find them to be without merit. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.