■ In the Matter of Gisella Weisshaus, Respondent, v Juda Gandl, Respondent, et al., Respondents. Josef Weisshaus, Proposed Intervenor-Appellant. [657 NYS2d 909] —In a proceeding pursuant to CPLR article 75, the proposed intervenor, Josef Weisshaus, appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated March 13, 1996, which, inter alia, denied his motion for leave to intervene and granted the respondent Juda Gandl's cross motion to impose sanctions against Josef Weisshaus and his attorney for frivolous conduct.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the payment of sanctions in the sum of $500 each by the appellant and his attorney to the respondent Juda Gandl and substituting therefor a provision directing the appellant to deposit the sum of $500 with the Clerk of the Supreme Court, Kings County, for transmittal to the Commissioner of Taxation and Finance and directing the appellant's attorney to deposit the sum of $500 with the Lawyers' Fund for Client Protection; as so modified, the order is affirmed, with costs to the respondent Juda Gandl; and it is further,

Ordered that counsel for the respective parties are directed to prepare affirmations on the issue of why an order should not be made and entered imposing such sanctions or costs, if any, on the appellant and/or his attorney pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, and to serve

copies on the parties to the appeal and file the original and four additional copies in the office of the clerk of this Court on or before May 27, 1997.

In 1992 a judgment confirming a November 3, 1991, arbitration award was entered in this proceeding. The appeal by the petitioner, the appellant's wife, was deemed withdrawn in accordance with the parties' stipulation. Approximately four years after this proceeding was commenced and three years after judgment was entered, the appellant moved for leave to intervene pursuant to CPLR 1012 (a) (3). The Supreme Court properly concluded that the appellant's application was untimely and denied his motion (see, Rectory Realty Assocs. v Town of Southampton, 151 AD2d 737; Krenitsky v Ludlow Motor Co., 276 App Div 511, 513-514).

The record fully supports the court's imposition of sanctions. The conduct of the appellant and his attorney was "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). However, the court should not have directed that the sanctions be paid to Juda Gandl personally (see, 22 NYCRR 130-1.3; Martinez v New York City Tr. Auth., 218 AD2d 643).

Prosecution of this appeal may warrant the imposition of further sanctions against the appellant and his attorney pursuant to 22 NYCRR 130-1.1 (c). O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.