■ Ulrich Moll et al., Respondents, v Edward Feldt et al., Appellants. [734 NYS2d 630] —In an action pursuant to RPAPL article 15, inter alia, to compel the determination of claims to real property, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Werner, J.), entered September 5, 2000, which granted the plaintiffs' motion for summary judgment and denied their cross motion for summary judgment on their counterclaim, and (2) an order of the same court, entered February 5, 2001, which denied their motion for leave to reargue.

Ordered that the appeal from the order entered February 5, 2001, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered September 5, 2000, is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

This case arises out of a dispute as to the ownership of, *inter alia*, a small triangular piece of property, approximately 50' by 130' (hereinafter the disputed property). The disputed property is located on the northeast corner of a lot owned by the plaintiffs. The title to the disputed property is held by the plaintiffs. The plaintiffs commenced this action seeking, *inter alia*, to quiet title by way of a judicial determination that they are the true owners of the disputed property. The defendants counterclaimed, asserting that they possessed superior title to the disputed property by way of adverse possession based upon their cultivation of and improvements to the disputed property.

The Supreme Court properly granted the plaintiffs' motion and denied the defendants' cross motion. The evidence submitted by the plaintiffs established that their predecessors in title hired a company, among other things, to annually clear leaves from trees located on the disputed property and to spray those trees with insecticide four or five times per year. Moreover, the defendant Edward Feldt admitted that there were no fences anywhere on his property. Thus, the defendants' possession of the disputed property was not exclusive, as is required for title to pass by adverse possession, and the plaintiffs established prima facie their entitlement to judgment as a matter of law. The evidence of the defendants' cultivation of and improvements to the disputed property, even taken together with the statements by the defendant Edward Feldt to the effect that he never observed the plaintiffs' predecessors in title perform any maintenance on the disputed property, were insufficient to demonstrate the existence of a triable issue of fact as to the exclusivity of the defendants' possession of the disputed property (*see,* RPAPL art 15; *Zuckerman v City of New York,* 49 NY2d 557; *Gaglioti v Schneider,* 272 AD2d 436; *Katona v Low,* 226 AD2d 433; *Belotti v Bickhardt,* 228 NY 296). Florio, J. P., McGinity, Luciano and Schmidt, JJ., concur.