■ RICARDO SCAGLIONE et al., Appellants, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Respondent. [757 NYS2d 84] —In an action to recover damages for breach of a title insurance policy, the plaintiffs appeal from a judgment of the Supreme Court (Rappaport, J.), Kings County, entered January 9, 2002, which, upon an order of the same court, dated November 9, 2001, denying their motion for summary judgment and granting the defendant's cross motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs contend that the defendant breached its title insurance policy by failing to provide coverage for a private street easement affecting the insured premises claimed by the City of New York as an adjoining landowner. The premises are located in the bed of a "paper" street known as Avenue Y also known as Bergen Avenue, which was originally laid out as a street on a subdivision map entitled "Map of Bergen Beach, No. 1018," which was filed in 1893. The plaintiffs obtained title to the premises by adverse possession.

The subject policy contains an exclusion for "the rights if any, of the City of New York arising from the mapping of Bergen Avenue." The plaintiffs claim that the private street rights claimed by the City as an adjoining landowner are separate and distinct from the easement rights of the City "arising from the mapping of Bergen Avenue," since they derive from an express reservation of such rights in a 1926 deed, which was not excluded from coverage under the policy. We disagree.

While it is true that "a defect arising from the rights of a person whose interest appears in the chain of title must be covered unless specifically excepted" (*Herbil Holding Co. v Commonwealth Land Tit. Ins. Co.,* 183 AD2d 219, 226 [1992]),

the City's claimed easement as an adjoining landowner is implied by law. The law is clear that "when property is described in a conveyance with reference to a subdivision map showing streets abutting the lot conveyed, easements in the private streets appurtenant to the lot generally pass with the grant" (*Bogan v Town of Mt. Pleasant,* 278 AD2d 264, 264-265 [2000]; *see also Sullivan v Markowitz,* 239 AD2d 404 [1997]; *Fischer v Liebman,* 137 AD2d 485, 487 [1988]). Therefore, at most, it appears that if the 1926 deed relied on by the plaintiffs does in fact reserve such an easement (which this Court cannot verify on this record), such reservation would merely reflect a recognition of the private street easement implied by law in favor of the City as an adjoining landowner. Since the source of these private street rights emanates from "the mapping of Bergen Avenue," the Supreme Court properly found that the City's claim was encompassed by the policy's exclusion, thereby warranting the dismissal of the plaintiffs' complaint. Smith, J.P., McGinity, Townes and Cozier, JJ., concur.