■ JACK INGOLD et al., Appellants, v GRACE TOLIN, Defendant, and UNIQUE DESIGN HOME BUILDERS, INC., et al., Respondents. [784 NYS2d 573]—

In an action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the defendants have no right of easement over a certain parcel of land, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated February 27, 2004, as

granted the motion of the defendant Unique Design Home Builders, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Unique Design Home Builders, Inc.

The plaintiffs are a group of homeowners who live on Huntting Lane, a cul-de-sac located in the Town of Islip. Huntting Lane is a private road over which the plaintiffs have right-of-way easements. The defendant Unique Design Home Builders, Inc. (hereinafter the builder), purchased undeveloped property at the end of Huntting Lane and thereafter filed plans to build a number of homes. Although the builder's property can also be accessed from Blackmore Lane, the proposed subdivision sought ingress and egress access via Huntting Lane. After a public hearing, the Town of Islip Planning Board approved the subdivision.

The plaintiffs commenced this action and sought a determination that the builder never acquired a right-of-way easement over Huntting Lane since no such easement had ever been granted to the builder's predecessors-in-title. The builder moved to dismiss the complaint, arguing that it failed to state a cause of action. The Supreme Court granted the motion, concluding that all parties had a right-of-way easement over Huntting Lane and that "[s]ince the interests of the parties are equivalent and not adverse as required by statute . . . plaintiffs have failed to state a cause of action under RPAPL 1501." We reverse.

An examination of the chain of title of the affected properties from the common grantor reveals that the builder's parcels were not granted an easement over Huntting Lane. Indeed, the builder's parcels always had access via Blackmore Lane, and Huntting Lane was not even in existence when the common grantor conveyed the builder's parcels (*see generally Sam Dev. v Dean,* 292 AD2d 585 [2002]; *Lechtenstein v P.E.F. Enters.,* 189 AD2d 858 [1993]). Therefore, contrary to the Supreme Court's conclusion, all of the parties do not have "right-of-way easements which afford the right of passage" over Huntting Lane, and thus their interests are not equivalent. Instead, under the circumstances presented, the interests of the plaintiffs may be deemed to be adverse to those of the builder.

Accordingly, the complaint states a valid cause of action pursuant to RPAPL 1501 (1) (*see Byrne v Village of Larchmont,* 234 AD2d 250 [1996]; *De Ruscio v Jackson,* 164 AD2d 684 [1991]), and should not have been dismissed (*see generally Leon v Martinez,* 84 NY2d 83 [1994]).

The issue of whether the plaintiffs should be granted leave to amend their complaint is not properly before this Court. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.