■ STEVEN MICHALSKI, Appellant, v JOSEPH DECKER et al., Respondents, et al., Defendants. [792 NYS2d 103]—

In an action pursuant, inter alia, to RPAPL article 15 for a judgment declaring that the plaintiff has an easement over a portion of the property of the defendants Joseph Decker, Regina

Decker, and Robert Richner, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (McGuirk, J.), entered September 2, 2003, as denied his motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff failed to establish his entitlement to summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Since issues of fact exist as to the intention of the original grantor at the time of the original conveyance, the plaintiff failed to establish his entitlement to an implied easement as a matter of law (*see O'Connor v Demarest,* 280 AD2d 878 [2001]; *Palma v Mastroianni,* 276 AD2d 894 [2000]; *Manhattan Beach Community Group v Laboz,* 224 AD2d 394 [1996]; *cf. Weil v Atlantic Beach Holding Corp.,* 1 NY2d 20, 28-29 [1956]; *Fischer v Liebman,* 137 AD2d 485, 487 [1988]).

Absolute necessity in fact is the standard for a finding of an easement by necessity (*see Town of Pound Ridge v Golenbock,* 264 AD2d 773 [1999]; *Van Schaack v Torsoe,* 161 AD2d 701, 703 [1990]). Here, an issue of fact exists as to whether there is an alternative means of access to the plaintiff's property (*see Nieto v Ceraso,* 134 AD2d 579, 580 [1987]). Florio, J.P., Cozier, Ritter and Skelos, JJ., concur.