■ NASSAU POINT PROPERTY OWNERS ASSOCIATION, INC., Appellant, v LEONARDO TIRADO, et al., Respondents. HELENE BEHM CIAPPETTA et al., Proposed Intervenors-Appellants. [815 NYS2d 674]—

In an action to compel the determination of claims to real property pursuant to RPAPL article 15, (1) the plaintiff appeals

from (a) an order of the Supreme Court, Suffolk County (Loughlin, J.), dated June 14, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and for summary judgment on their counterclaims, and (b) a judgment of the same court dated March 3, 2005, which, inter alia, determined the claims, and (2) the proposed intervenors appeal from so much of an order of the same court dated March 2, 2005, as denied their motion for leave to intervene. The plaintiff's notice of appeal from the order dated June 14, 2004 is deemed also to be a premature notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order dated June 14, 2004 is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the first decretal paragraph thereof and substituting therefor a decretal paragraph awarding judgment to the plaintiff on its first and second causes of actions, (2) deleting the second decretal paragraph thereof awarding the defendants judgment on their three counterclaims and substituting therefor a provision dismissing the counterclaims, (3) deleting the fourth decretal paragraph thereof adjudging that neither the plaintiff Nassau Point Property Owners Association nor any of its members who do not own land abutting the premises are entitled, inter alia, to a right of easement or right of use of the premises, and substituting therefor a provision that all owners of a lot depicted on a subdivision map known as "Amended Map A of Nassau Point owned by Nassau Point Properties, Inc." which map was filed in the Suffolk County Clerk's office on August 16, 1922, as Map No. 156 and which lot is appurtenant to the premises, as described in the annexed schedule A (hereinafter subject premises), shall have a right of easement or right of use over the subject premises, (4) deleting from the fifth decretal paragraph thereof the word "abuts" and substituting therefor the words "is appurtenant to", and (5) adding a provision thereto granting the plaintiff a permanent injunction restraining and enjoining the defendants from placing or causing to be placed any obstructions upon the subject premises which may impair or impede the previously-granted easement right and directing that the defendants immediately remove all obstructions that they have placed upon or have caused to be placed upon the subject premises, including any signs attempting to restrict access over the subject premises, and restore the subject premises to the unobstructed and unimpaired condition that existed immediately prior to the order dated June 14, 2004; as so modified, the judgment is affirmed and the order dated June 14, 2004 is modified accordingly; and it is further,

Ordered that the order dated March 2, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff-appellant payable by the respondents.

The appeal from the intermediate order dated June 14, 2004 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff is a not-for-profit corporation organized for the general purposes of, among other things, protecting, maintaining, and promoting the property interests of its members who own real property in the area known as Nassau Point, located in Cutchogue, Suffolk County. The subject of the instant dispute is a strip of property known as Old Menhaden Road, bordered to the north by a lot owned by the defendant Richard A. Winge and to the south by a lot owned by the defendants Leonardo Tirado and Luisa Tirado. After the defendants allegedly planted trees and erected other structures on the disputed street which restricted or prevented access to the street from other Nassau Point residents, the plaintiff commenced the instant action pursuant to RPAPL article 15 to compel the determination of competing claims to the disputed property. Specifically, the plaintiff sought, inter alia, a declaration that it had an ownership interest in the disputed strip, or, in the alternative, that its members have an easement of access over the disputed property, and a directive to the defendants to remove all obstructions to the disputed property. The defendants asserted three counterclaims, seeking, inter alia, judgment in their favor, an order barring the plaintiff from all claims to the disputed property, and a declaration that the defendants have sole title and the right to exclusive possession of the disputed property. The defendants subsequently moved for summary judgment dismissing the complaint and for judgment in their favor on their counterclaims. In an order dated June 14, 2004, the Supreme Court, Suffolk County, granted the defendants' motion for summary judgment dismissing the complaint and for judgment on their counterclaims, stating that the defendants' ownership of the property was subject only to the rights of those who owned property which abutted the disputed street. Since the only properties which abutted the disputed street were those owned by the defendants, the court, in effect, granted the defendants exclusive ownership of the disputed street, not subject to the

rights of any others. After concluding that the plaintiff had no interest in the disputed street, the court then determined that the plaintiff lacked standing to maintain the instant action on this basis.

After the order dated June 14, 2004 was issued, a group of 20 landowners, 17 of whom were members of the plaintiff, moved to intervene in the instant matter. In an order dated March 2, 2005 the court, inter alia, denied the proposed intervenors' motion to intervene as untimely, and, using the same rationale as it did in the prior order with respect to the plaintiff, concluded that the proposed intervenors did not have standing.

The plaintiff appealed from the order dated June 14, 2004 and the proposed intervenors appealed from the order dated March 2, 2005. Since the plaintiff did not raise the issue of ownership in its brief, the plaintiff abandoned this issue (*see Khalona v New York City Tr. Auth.*, 215 AD2d 630, 631 [1995]) and thus effectively conceded ownership of the disputed street to the defendants.

It is well established that "when property is described in a conveyance with reference to a subdivision map showing streets abutting the lot conveyed, easements in the private streets *appurtenant* to the lot generally pass with the grant" (*Scaglione v Commonwealth Land Tit. Ins. Co.*, 303 AD2d 671, 672 [2003], quoting *Bogan v Town of Mt. Pleasant*, 278 AD2d 264, 264-265 [2000] [emphasis supplied]; *see also Fischer v Liebman*, 137 AD2d 485, 487 [1988]). The implied easement so conveyed is "as extensive and unrestricted as if they were public streets" (*Dalton v Levy*, 258 NY 161, 165 [1932]; *see Fischer v Liebman, supra* at 487; *Sullivan v Markowitz*, 239 AD2d 404 [1997]; *Firsty v De Thomasis*, 177 AD2d 839 [1991]). Appurtenant, or accessory to, is conceptually much different than abutting, or bordering, and certainly is much broader. Thus, by stating in the order appealed from that the defendants' rights as owners of the disputed street were subject only to the rights of other landowners whose property abuts the premises, the court erroneously granted to the defendants far greater ownership rights than the defendants were entitled to. The Supreme Court should have followed the well-established case law as set forth above and reached the conclusion that the defendants' rights were subject to the rights of other landowners who owned property to which the disputed street was appurtenant. Although the plaintiff did not move for summary judgment, under these circumstances, we exercise our authority to search the record and award the plaintiff summary judgment on its first and second causes of action to the extent it sought a declaration that its members have

an easement of access over the disputed property and a directive to the defendants to remove all obstructions to the disputed property (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106 [1984]; *Morelli v Giglio*, 143 AD2d 986 [1988]).

The proposed intervenors argue that the Supreme Court erred in denying their motion for leave to intervene. Under the particular circumstances of this case, and particularly in light of the fact that 17 of the 20 proposed intervenors were members of the plaintiff, that they filed their motion after the court's dispositive order was issued, and that they provided no explanation as to their delay in filing, the Supreme Court properly denied their motion for leave to intervene (*see Agway Ins. Co. v P & R Truss Co., Inc.*, 11 AD3d 975, 976 [2004]; *Oparaji v Weston*, 293 AD2d 592, 593 [2002]; *Vacco v Herrera*, 247 AD2d 608 [1998]; *Matter of Weisshaus v Gandl*, 238 AD2d 515, 516 [1997]).

We note that in light of the Supreme Court's erroneous determination with respect to the category of landowners to whom the defendants' ownership rights in the disputed street may be subject, the Supreme Court's conclusion that the plaintiff did not have standing to maintain the instant action because its members "do not own property that abut the [disputed] street" is incorrect. In order for an organization representing the interests of a group, such as the plaintiff, to maintain standing, (1) some or all of the members of the organization must have standing to sue, (2) the interests which the organization seeks to protect must be germane to its purposes, and (3) neither the relief requested nor the claims asserted must require participation of the individual members (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]; *Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 333-334 [1984]). Under the circumstances, the plaintiff sufficiently satisfied these criteria and established that it has standing to maintain the instant action. Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.