H.S. FARRELL, INC., et al., Respondents, v FORMICA CONSTRUCTION Co., INC., et al., Appellants, et al., Defendant. [838 NYS2d 628]—

In an action, inter alia, to permanently enjoin the defendants Formica Construction Co., Inc., and Ferry Street Enterprises, Inc., from closing a certain street known as Gales Lane, the defendants Formica Construction Co., Inc., and Ferry Street Enterprises, Inc., appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Richmond County (Pizzuto, J.H.O.), entered March 29, 2006, which, after a nonjury trial, and upon a decision of the same court dated February 2,

2006, among other things, declared that the plaintiffs possess an implied easement over Gales Lane, declared that the defendants Formica Construction Co., Inc., and Ferry Street Enterprises, Inc., do not have title to Gales Lane by adverse possession, and directed the defendants Formica Construction Co., Inc., and Ferry Street Enterprises, Inc., to remove all obstructions to the plaintiffs' easement and, in effect, dismissed their counterclaim for adverse possession.

Ordered that the judgment is modified, on the law, by deleting the second, third, fourth, seventh, and eighth decretal paragraphs thereof, and substituting therefor a provision declaring that the plaintiffs do not possess an implied easement over Gales Lane; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendants Formica Construction Co., Inc., and Ferry Street Enterprises, Inc.

The plaintiffs own a parcel of real property in Richmond County, New York, the rear of which abuts Gales Lane, a mapped, private street. The defendants Formica Construction Co., Inc., and Ferry Street Enterprises, Inc. (hereinafter together the appellants) own the adjacent property, also abutting Gales Lane at the rear, as well as the property on the opposite side of Gales Lane, which runs the entire length of that street. Gales Lane, effectively a dead end street, is blocked at the point that it meets Ferry Street, a public highway, by a fence maintained by the appellants, who use Gales Lane to store various materials for their business.

The plaintiffs claim to have an implied easement over the entirety of Gales Lane, for passage to Ferry Street, and commenced this action, inter alia, to permanently enjoin the appellants from closing Gales Lane. The appellants interposed a counterclaim seeking a judgment declaring that they owned, by adverse possession, that portion of the plaintiffs' property located in the "bed" of Gales Lane, with dimensions of approximately 76.47 feet by 15 feet. After a nonjury trial, the Supreme Court, inter alia, determined that the plaintiffs had an implied easement across Gales Lane to Ferry Street, and directed the appellants to remove the fence and materials blocking passage on the street. This determination was based upon a subdivision map of the property of C. Vanderbilt Esq., filed in 1847, depicting the plaintiffs' property as abutting Gales Lane, and a 1971 deed referencing the map by which the plaintiff Robert Farrell, and nonparties Donald H. Farrell and Marion V. Farrell (hereinafter the Farrells) conveyed the subject property to the plaintiff H.S. Farrell, Inc. With regard to the adverse possession counterclaim, the Supreme Court determined that the appellants had not

proven by clear and convincing evidence that they had excluded the plaintiffs from the disputed parcel for the requisite 10-year period. We disagree only with the Supreme Court's conclusion regarding the implied easement, and modify accordingly.

As the Supreme Court correctly observed, "[i]t is well established that when property is described in a conveyance with reference to a subdivision map showing streets abutting on the lot conveyed, easements in the private streets appurtenant to the lot generally pass with the grant" (*Nassau Point Prop. Owners Assn., Inc. v Tirado*, 29 AD3d 754, 757 [2006] [internal quotation marks and citations omitted]; *see Manhattan Beach Community Group v Laboz*, 224 AD2d 394 [1996]). Moreover, a deed describing the land being conveyed as bounded by a road owned by the grantor creates an easement by implication in that road (*see Cashman v Shutter*, 226 AD2d 961, 962 [1996]; *Glennon v Mayo*, 221 AD2d 504, 505 [1995]). The grantees of lots abutting a street in a filed map "are entitled to have the land so demarcated remain as a street forever, absent their abandonment, conveyance, condemnation, or adverse possession" (*Bogan v Town of Mt. Pleasant*, 278 AD2d 264, 265 [2000]).

Nevertheless, "[f]or an easement by grant to be effective, the dominant and servient properties must have a common grantor" (*Sam Dev. v Dean*, 292 AD2d 585, 586 [2002]), and the creation of the easement is dependent upon the intent of that original grantor at the time of the original conveyance (*see Michalski v Decker*, 16 AD3d 469, 470 [2005]; *O'Connor v Demarest*, 280 AD2d 878, 879-880 [2001]; *Firsty v De Thomasis*, 177 AD2d 839, 841 [1991]; *De Ruscio v Jackson*, 164 AD2d 684, 686-687 [1991]).

There was no evidence in the present case, either in the form of documents or testimony, regarding the language or content of the original deeds, or the manner of the original conveyances. Rather, the only evidence regarding the intent of the initial, common grantor to create an easement was the filed subdivision map. The plaintiffs did not offer any of the deeds in the chain of title except for the 1971 deed by which the Farrells conveyed the property to H.S. Farrell, Inc., and, most importantly, they failed to introduce their own 1957 deed, in which the Farrells' predecessor in title conveyed the property to them.

Moreover, there was no evidence that the subject property was ever subdivided in accordance with the subdivision map. The testimony of the plaintiffs' expert in this regard was unclear and inconsistent. Under these circumstances, the mere filing of the subdivision map, and reference to that map in the 1971

deed, without more, was insufficient to establish, by clear and convincing evidence, the original grantor's intent to create an easement (*see Michalski v Decker, supra* at 470; *see also Ingold v Tolin*, 12 AD3d 407, 408 [2004]; *cf. M. Parisi & Son Constr. Co., Inc. v Adipietro*, 21 AD3d 454 [2005]; *Glennon v Mayo*, 221 AD2d 504, 505 [1995]; *Firsty v De Thomasis, supra* at 841).

As for the defendants' counterclaim, they did not carry their burden of establishing that they obtained a right, title, or interest through adverse possession to that portion of the plaintiffs' property as to which they make such a claim. As the Supreme Court correctly found, they failed to show exclusive use of the subject parcel throughout the statutory period (*see Matter of Perry*, 33 AD3d 704 [2006]; *Hancock v Estate of Hancock*, 15 AD3d 620, 621 [2005]; *Moll v Feldt*, 289 AD2d 462, 463 [2001]). Miller, J.P., Ritter, Dillon and McCarthy, JJ., concur.