■ In the Matter of THOMAS A. TURNER et al., Appellants, v DUANE F. ANDERSON et al., Constituting Board of Trustees for Village of Lakewood, et al., Respondents. [888 NYS2d 701]—

Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered August 1, 2008 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination denying their request for vehicular access over a "paper street" known as Ohio Avenue on the grounds that it was arbitrary and capricious or affected by an error of law. We conclude that Supreme Court properly granted respondents' motion for summary judgment dismissing the petition.

Petitioners own a parcel of land in respondent Village of Lakewood, the south line of which abuts the mapped "paper street" portion of Ohio Avenue. They contend that, because the deed creating their lot in 1958 referred to an 1874 subdivision map that did not include their lot, they are entitled to the benefit of the "paper street" easement over Ohio Avenue. We reject that contention.

" 'The rule of law is that when an owner of property sells lots in reference to a map, which lots abut upon a street as shown on the map, the grantees are entitled to have the land shown as a street left open forever as a street or highway and this is so whether or not it is accepted by the . . . municipality as a public highway' " (*Wysocki v Kugel*, 282 App Div 112, 115 [1953], *affd* 307 NY 653 [1954]). "Nevertheless, '[f]or an easement by grant to be effective, the dominant and servient properties must have a common grantor' . . . , and the creation of the easement is dependent upon the intent of that original grantor at the time of the original conveyance" (*H.S. Farrell, Inc. v Formica Constr. Co., Inc.*, 41 AD3d 652, 654 [2007]). Here, there is no indication in the record that the property in question was subdivided into lots by the original grantor in accordance with the subdivision map, and thus petitioners have failed to establish by clear and convincing evidence the original grantor's intent to create a "paper street" easement over Ohio Avenue (*see id.* at 654-655). Indeed, the 1874 subdivision map upon which petitioners rely contains lots that are described by number and that abut "Ohio Avenue," and the land upon which petitioners' parcel is situated is not among those lots. Rather, petitioners' parcel is included in a tract of land depicted on the subdivision map as "unplotted," and it continued to be included in that tract of "unplotted" land until it was carved out therefrom pursuant to a conveyance in 1884. However, in 1884 the owner of the "unplotted" tract of land was not the original grantor who had created the subdivision with the numbered lots that did not include petitioners' parcel. Petitioners' lot was not created and separately described until it was conveyed from a larger tract in 1958. Thus, it cannot be said that the determination in question was arbitrary and capricious or affected by an error of law (*see* CPLR 7803 [3]). Present—Scudder, P.J., Martoche, Smith, Carni and Green, JJ.