*782 Contrary to the plaintiffs’ contention, the record does not show that the subject property benefits from an easement implied by grant. “[W]hen property is described in a conveyance with reference to a subdivision map showing streets abutting the lot conveyed, easements in the private streets appurtenant to the lot generally pass with the grant” (Bogan v Town of Mt. Pleasant, 278 AD2d 264, 264-265 [2000]; see H.S. Farrell, Inc. v Formica Constr. Co., Inc., 41 AD3d 652, 654 [2007]; Nassau Point Prop. Owners Assn., Inc. v Tirado, 29 AD3d 754, 757 [2006]). In addition, in general, a “deed describing the land being conveyed as bounded by a road owned by the grantor creates an easement by implication in that road” (H.S. Farrell, Inc. v Formica Constr. Co., Inc., 41 AD3d at 654), “unless the intention of the parties is to the contrary,” based on the circumstances (Cashman v Shutter, 226 AD2d 961, 962 [1996], quoting Heim v Conroy, 211 AD2d 868, 870 [1995]; see Glennon v Mayo, 221 AD2d 504, 505 [1995]).
Here, contrary to the plaintiffs’ contention, the mere descriptive reference to a “right-of-way” in a 1966 deed to the plaintiffs’ predecessor did not give rise to an easement by implied grant benefitting the plaintiffs’ property (see Palma v Mastroianni, 276 AD2d 894, 894-895 [2000]; see also Michalski v Decker, 16 AD3d 469 [2005]). The plaintiffs’ argument regarding an easement implied from a 1920 grant of part of their property is without merit (see Palma v Mastroianni, 276 AD2d at 894-895; see also Michalski v Decker, 16 AD3d 469 [2005]).
Further, as the Supreme Court determined, the plaintiffs failed to establish the existence of an easement implied from preexisting use upon severance of title (see Sadowski v Taylor, 56 AD3d 991, 993-994 [2008]; Beretz v Diehl, 302 AD2d 808, 810-811 [2003]) or the existence of an easement by necessity (see Silvercrest v St. Christopher-Ottile, 194 AD2d 720, 721 [1993]).
The Supreme Court did not err in denying the plaintiffs’ mo *783 tion pursuant to CPLR 5015 (a) (3) to vacate the judgment based on fraud, misrepresentation, or other misconduct, as the plaintiffs failed to present any evidence of fraud, misrepresentation, or other misconduct by the defendant (see CPLR 5015; Tornheim v Blue & White Food Prods. Corp., 88 AD3d 869, 869 [2011]; Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp., 128 AD2d 821 [1987]). Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.