| **Tupper v US Bank Trust N.A.** |
|:---:|
| 2026 NY Slip Op 30409(U) |
| February 17, 2026 |
| Supreme Court, Nassau County |
| Docket Number: Index No. 621747/2023 |
| Judge: Maureen McHugh Heitner |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Short Form Order

NEW YORK SUPREME COURT - NASSAU COUNTY

Present: **Hon. Maureen McHugh Heitner**                    PART 34
         Judge of the Court of Claims, AJSC

---

GARRETT B. TUPPER, JR,                                  Index No.: 621747/2023

                           Plaintiff,        Motion
                                      Dates: November 19, 2025
        - against -                                     December 17, 2025
                                        December 19, 2025
US BANK TRUST NATIONAL ASSOCIATION, as
Trustee of Swelling Series IV Trust, MGTLQ
INVESTORS LP, and JOE DOE #1 through JOHN DOE        Mot. Seq.
#10,                                                Numbers:   1, 2 & 3

                          Defendants.

---

The following papers numbered as below were read on this motion by defendant, US BANK TRUST NATIONAL ASSOCIATION, as Trustee of Swelling Series IV Trust ("US Bank") to dismiss the complaint pursuant to CPLR §§3211 (a)(1) and (a)(7) and CPLR §3016(b) and on the motions by plaintiff for default judgments against the defendants:

|  | NYSCEF Documents |
|---|---|
| **Sequence 1** | |
| Notice of Motion/Affirm-Exhibits-Memo of Law............... | 29 - 43 |
| Affirmation in Opposition..................................................... | 45 |
| Reply Affirmation................................................................. | 48 |
| | |
| **Sequence 2** | |
| Notice of Motion/Affirm-Exhibits...................................... | 29 - 43 |
| Affirmation in Opposition..................................................... | 26 - 28 |
| Reply Affirmation................................................................. | 42 |
| | |
| **Sequence 3** | |
| Notice of Motion/Affirm-Exhibits-Memo of Law............... | 40 - 62 |
| Affirmation in Opposition..................................................... | 63 |
| Reply Affirmation................................................................. | 64 - 65 |

Plaintiff alleges in his complaint, that this action is brought pursuant RPAPL §1501(4) to compel a determination of claims to real property located at 537 Liberty Avenue, Williston Park, NY, to cancel and discharge a mortgage held by defendant US Bank and to remove a notice of pendency recorded by defendant MTGLQ Investors, LP on the ground that the statute of limitations to foreclose the mortgage has expired.

1

[* 1]

In support of plaintiff's motion for a default judgment against MGTLQ, he annexes an affidavit of service indicating that an Ingrid Lopez, Intake Specialist at CT Corporation System was served. Plaintiff's affirmation does not set forth any proof as to why service upon this corporation is proper. Service of process upon a corporation must be made upon the NYS Secretary of State or upon a person authorized to accept service of process, *(see, Flatow v Goddess*, 233 AD3d 656 [2nd Dept 2024]).

Plaintiff's motion for a default judgment against defendant US Bank is without merit as that defendant timely moved pursuant to CPLR §3211 and pursuant to CPLR §3211(f) service of a motion extends the time to serve a pleading until 10 days after the service of notice of entry of the order resulting from the motion to dismiss. Thus, defendant, US Bank's time to answer has not yet expired.

**ORDERED** that plaintiff's motions for default judgments against both defendant US Bank Trust National and defendant MTGLQ Investors LP are denied.

A review of the court's records indicate that on October 15, 2004, non-party Aileen Tupper (Aileen) obtained a deed to real property known as 537 Liberty Avenue, Williston Park. Aileen Tupper executed and delivered to JPMorgan Chase a promissory note in the sum of $333,700 and a mortgage on October 19, 2004. Several years later Aileen executed and delivered to JPMorgan Chase a promissory note and mortgage in the sum of $1,709.02. On October 19, 2012 the Tuppers executed and delivered to JPMorgan Chase a Consolidation Agreement which modified the promissory notes and mortgage into a single debt instrument with the principal sum being $291,675.00.

There was a default and JPMorgan Chase commenced a foreclosure action in 2015 which resulted in a Modification Agreement dated June 1, 2017 signed by both plaintiff and Aileen and the foreclosure action was discontinued. Prior to the discontinuance, an assignment of the consolidated debt was made to MTGLQ on June 1, 2017. Sometime in September of 2017 there was another default on the Modification Agreement and MTGLQ commenced a foreclosure action under index number 614054/2018. MTGLQ obtained summary judgment and an order of reference was signed on September 26, 2019 which was affirmed by the Appellate Division, Second Department on June 12, 2024.

During that foreclosure action, plaintiff herein, brought nineteen (19) unsuccessful motions (not counting the proposed orders to show cause that went unsigned) and filed numerous bankruptcy proceedings that were dismissed. Additionally, plaintiff herein, made complaints to the Nassau County District Attorneys Office, the NYS Attorney General and filed a lawsuit against three (3) sitting Nassau County Supreme Court judges that had presided over the foreclosure action.

That foreclosure action ultimately resulted in a settlement and a "so ordered" stipulation dated June 17, 2025. Part of the stipulation reads as follows: "...Garrett Tupper - hereby releases and discharges the plaintiff... their present and former affiliated companies, subsidiaries, and/or parent corporations, their respective attorneys, directors, stockholders, owners, officers,

2

[* 2]

employees, agents heirs, executors, administrators, predecessors, successors and assigns (collectively "Releases") from any and all claims, actions causes of action, demands, agreements, contracts, ...arising from or out of this action." Plaintiff was represented by counsel, was present in court, and made payments to the plaintiff of $323, 089.14 and $2, 480.50 to reinstate the mortgage loan.

In his complaint and in his opposition to the motion to dismiss, plaintiff contends that the six year statute of limitations to foreclose the mortgage was accelerated by the commencement of a foreclosure action in 2015 and expired on August 31, 2021.

To obtain a dismissal pursuant to CPLR §3211(a)(1), the defendant must establish that the documentary evidence which forms the basis of the defense be such that it resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim (*see*, *Symbol Tech v Deloitte,* 69 AD3d 191, 193 [2nd Dept 2009], *see also, Leon v Martinez*, 84 NY2d 83 [1994]).

It is well-established law that contracts are documentary evidence (*Fontanetta v. John Doe 1*, 73 AD3d 78 [2d Dept 2010]) "[T]o be considered 'documentary', evidence must be unambiguous and of undisputed authenticity" (*Id.*)(*internal citations omitted*). Stipulations of settlement are binding contracts that are favored by the courts and not lightly set aside, especially when the parties are represented by counsel, *Cassagnol v Village of Hempstead*, 214 AD3de 766, 768 (2nd Dept, 2023).

Both the 2017 and th 2025 agreements re-set the statute of limitations. The 2017 Modification, which plaintiff executed, served as an affirmative act of de-acceleration that nullified the effect of the 2015 acceleration and reinstated the installment nature of the loan, (*see, US Bank v Rudick*, 172 AD3d 1430, 1431 [2nd Dept 2019]). The 2025 stipulation of settlement and the substantial payment made by plaintiff thereunder, served as plaintiff's acknowledgment of the debt. Contrary to plaintiff's novel interpretations of FAPA, the stipulation is an event expressly recognized as effective to resent the statute of limitations to June 17, 2025, (*see,* NY GOL §17-105[5][b]). Finally, the 2025 settlement agreement, independently bars this action, as it contains a comprehensive release of all claims "arising from or out of" the 2018 foreclosure actions.

In opposition, plaintiff fails to address these dispositive issues. Plaintiff, instead claims that defendant US Bank lacks "standing" to defend this action. This argument misapprehends the law. A party named as a defendant in a lawsuit has an inherent right to appear and defend itself. The standing doctrine does not prevent a defendant from moving to dismiss a case brought against it, *(see Acocella v Bank of NY Mellon,* 127 AD3d 891, 893 [2nd Dept 2015], where the court found that there was no justiciable controversy when a borrower attempts to challenge a mortgagee's (the bank's) standing outside of a pending foreclosure action). The facts of *Acocella*, were similar to the case at bar, in that plaintiff in that action also brought a complaint pursuant to RPAPL §1504(1), where the mortgage was current and there was no default and the court dismissed for failure to state a cause of action.

The court finds that the defendant has established the 2025 stipulation of settlement

3

[* 3]

resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claims and, as such, plaintiff's complaint does not state a cause of action against either defendant.

Finally, defendant moves for sanctions against the plaintiff citing his pattern and practice of misconduct, to which plaintiff has offered no rebuttal or excuse. The record reflects a persistent pattern of vexatious and meritless litigation by plaintiff related to this mortgage debt, including: (1) that plaintiff commenced three baseless state court actions challenging the enforcement of the mortgage and all three actions were dismissed; (2) the Appellate Division, Second Department upheld the judgment of foreclosure in the 2015 action; (3) the Bankruptcy Court found that plaintiff's filings were part of a scheme to hinder, delay or defraud defendants and prevent defendants from exercising its (*sic*) rights and remedies with respect to the property (in the 2018 action) and (4) that there are two pending motions to dismiss in the United States District Court for the Eastern District of New York case # 24-CV 02582, in addition to the aforementioned 19 motions in the 2018 action. The Second Department has found far less egregious misconduct sanctionable, (*see, US Bank v Tait*, 234 AD3d 889 [2nd Dept 2025]; *Financial Freedom v Braunsberg*, 201 AD3d 788 [2nd Dept 2022]; *Breytman v Schechter*, 101 AD3d 782 [2d Dept 2012]). Accordingly, it is

**ORDERED** that the branch of the defendant US BANK TRUST NATIONAL ASSOCIATION, as Trustee of Swelling Series IV Trust for sanctions is granted to the extent that the court finds that plaintiff's conduct in commencing and prosecuting this action to be frivolous pursuant to 22 NYCRR §130-1.1; and it is further

**ORDERED** that the parties shall to submit affirmations or affidavits solely on the issue of the amount of sanctions, costs and reasonable attorney fees to be awarded pursuant to 22 NYCRR §130-1.1. Defendant's submission is due by March 2, 2026 and plaintiff my submit a response, if any, within ten (10) days thereafter. A final determination on the amount of the award and on the defendant's request for injunctive relief will be rendered upon a review of those submissions; and it is further.

**IT IS FURTHER ORDERED** that the branch of the motion by defendant US BANK TRUST NATIONAL ASSOCIATION, as Trustee of Swelling Series IV Trust to dismiss the complaint pursuant to CPLR§3211 (a)(1) that a defense is founded upon documentary evidence and that as such is fails to state a cause of action pursuant to CPLR§3211(a)(7) is granted and plaintiff's complaint is dismissed with prejudice as to all defendants.

Dated: February 17, 2026

**Maureen McHugh Heitner**
**Judge of the Court of Claims, AJSC**

[* 4]